UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| JOSEPH CELESTINE | CIVIL ACTION NO. 06-1177 |
| VS. | SECTION P |
| TERRY L. TERRELL, ET AL | JUDGE MINALDI |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is Joseph Celestine's *pro se* civil rights (42 U.S.C. § 1983) complaint filed *in forma pauperis* on July 10, 2006. Plaintiff, an inmate in the custody of the Louisiana Department of Corrections (LDOC), is confined at the Allen Correctional Center (ACC) in Kinder, Louisiana, and complains of conditions of confinement at that institution. Plaintiff names Terry L. Terrell; ACC Wardens Cooley, Estes, and Allemand; and, ACC Major Thomas as his defendants herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

In his original complaint, plaintiff alleged that on an unspecified date he was injured on the job and was diagnosed with a cracked sternum. Following the incident, plaintiff claimed that he was denied proper medical care. Plaintiff did not provide information on how he was denied medical care, who denied him the medical care, or on what medical care he received. Plaintiff also stated that "multiple ARPs have been filed germane to this issue, but neither has been accepted or rejected so an ARP number is not available and that ARP system is a conflict of

interest and views petitioner biased because of possible tort claim to be filed." [Doc. # 1-1, p.2]. Plaintiff continued by stating that he "filed ARPs with no responses or actions being taken to rectify for a total of 3 years. Thus, state remedies have been exhausted with no cooperation from the institution with ARPs as the first step." [Doc. #1-1, p. 3].

Given the insufficiency of the information contained in plaintiff's original complaint, he was ordered to amend his complaint to cure the deficiencies noted. [Doc. #4].[1] Plaintiff filed an amended complaint on or about December 1, 2006, in which he provided the court with some additional information. More specifically, plaintiff states that for eight years prior to his 2002 transfer to ACC, he was on permanent duty status due to an injury to his right arm. Plaintiff claims that despite his physical limitations, ACC made him work. In fact, not long after his arrival at ACC, he was attempting to fill an ice chest when his right arm gave out, causing him to fall and break his sternum. Plaintiff was taken to the infirmary after the accident, but alleges that no treatment was prescribed. Sometime thereafter, he was seen a second time by the ACC physician for complaints stemming from the accident but claims that no treatment was recommended. Plaintiff complains that he has been charged for over a dozen visits to the infirmary [Doc. #5, pp. 4 & 14], and that "none of the medical treatment he has received has alleviated his complaints and none have cured the conditions upon which he has complained." [2]

---

[1] Petitioner was ordered to amend his complaint to comply with the provisions of Rule 8 of the Federal Rules of Civil Procedure. He was also advised that liability could only be visited upon defendants who directly participated in the acts causing the alleged constitutional violation or, who implemented policies which had such an effect. Further, plaintiff was instructed that he needed to plead specific facts to establish that the defendants were guilty of deliberate indifference to a serious medical in order to support his medical care claim. Finally, plaintiff was required to demonstrate exhaustion of all available administrative remedies prior to filing suit, to which the court will give plaintiff the benefit of doubt and assume that his assertions of exhaustion are correct.

[2] Petitioner also alleges that he did not receive proper medical care of other medical conditions, such as an ulcer and hemorrhoids. [Doc. #5, p.14].

[Doc. #5, pp. 4].

As a result of the above, plaintiff seeks damages for pain and suffering; to have the civil rights violations properly and appropriately addressed; and, transfer to a different facility to "quell his fear for his safety due to conflicts of interest." [Doc. #5, p. 5].

## LAW AND ANALYSIS

### 1. Frivolity Review

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court is obliged to dismiss the case at any time if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B); 28 U.S.C.A. § 1915A; 42 U.S.C.A. § 1997e(c).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 109 S.Ct. 1827 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).

While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly*

3

*v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). See *Wesson v. Ogleby*, 910 F.2d 278, 281 (5th Cir.1990) ("An *IFP* complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under [§ 1915(d)(2)(B) ]."). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and, that his complaint should therefore be dismissed with prejudice.

### 2. Medical Care Claims

Plaintiff claims that he was denied adequate medical care. To state such a claim under § 1983, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 106, 97 S.Ct. 285 (1976). To demonstrate "deliberate indifference," the prisoner must show that the prison official knew of and disregarded an excessive risk to the prisoner's health. *Farmer v. Brennan*, 114 S.Ct. 1970 (1994); *Wilson v. Seiter*, 111 S.Ct. 2321 (1991) (holding that a prisoner must show a culpable or punitive state of mind on the part of the prison official accused of violating the Eighth Amendment). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997). Thus, not every claim of inadequate or improper medical treatment is a violation of

the Constitution. *Estelle v. Gamble, supra.* Complaints of negligence, neglect, unsuccessful treatment, or even medical malpractice do not give rise to constitutional claims. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991); *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir.1993). See *Ruiz v. Estelle*, 679 F.2d 1115, 1149 (5th Cir.1982) (footnote omitted) ("Neither inadvertent failure to provide adequate medical care, nor carelessness, nor even deliberate failure to conform to the standards suggested by experts is cruel and unusual punishment.").

A prisoner's disagreement with his medical treatment also does not give rise to a claim under § 1983. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997). "Rather, the [prisoner] must show that the official [s] 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dept. Of Criminal Justice*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)).

The evidence before the court does not support a finding of deliberate indifference. To the contrary, the pleadings establish that plaintiff has been seen on numerous occasions by the ACC medical department. As stated above, a prisoner's disagreement with his medical treatment does not give rise to a claim under § 1983. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997). Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado*, 920 F.2d at 321. See, *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)(A disagreement with a doctor over the method and result of medical treatment does not require a finding of deliberate indifference). The facts alleged by plaintiff (over a dozen visits to the infirmary) clearly do not demonstrate that the defendants "refused to treat him, ignored his complaints, intentionally treated [plaintiff] incorrectly or evince a wanton disregard" for

plaintiff's medical needs. In short, plaintiff's medical care claim is frivolous, and dismissal on that basis is recommended.

### 3. Administrative Grievances

Plaintiff contends that he has been denied due process because ACC staff members failed to respond to his administrative remedies. This assertion does not implicate the Constitution. Inmates "do not have a constitutionally protected right to a grievance procedure." *Oladipupo v. Austin*, 104 F.Supp.2d 626, 638 (W.D.La.. 2000) citing *Brown v. Dodson*, 863 F.Supp. 284, 285 (W.D.Va. 1984), *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991), and *Spencer v. Moore*, 638 F.Supp. 315, 516 (E.D.Mo.1986) (holding that "an inmate grievance procedure is not constitutionally required").[3] "When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right to access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Id.* citing *Flick,* 932 F.2d 729. Accordingly, plaintiff's due process claims fail to state a claim upon which relief can be granted pursuant.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

---

[3]See also *Overholt v. Unibase*, 221 F.3d 1335 ( 6th Cir. 2000) citing *Flick*, 932 F.2d at 729 (Prison officials are not obligated to "properly" respond to grievances because 'there is no inherent constitutional right to an effective prison grievance procedure."); *Carpenter v. Wilkinson*, 205 F.3d 1339 (6th Cir. 2000) citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) and *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (same); and *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.), cert. denied, 488 U.S. 898, 109 S. Ct. 242, 102 L.Ed.2d 231 (1988).

recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, February 14, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE